First case of the morning to call, 2-8-0-8, 11-47, People v. David Garcia, on behalf of the Avalon, Ms. Kathleen Hamel, on behalf of the Avalon, Ms. Victoria Joseph. Good morning, your honors, counsel. I'm here representing David Garcia. We've been directed this morning to address some questions that you put in your order setting this argument. And probably most generally, what impact the ruling Risley v. Hall should have on this case. And I would like to just get directly to that. Your honors are referring to the Supreme Court's holdings that in order to establish that guilty plea counsel was ineffective, a post-conviction petitioner must satisfy the Strickland test for ineffective assistance by proving both that counsel made an unprofessional error, which resulted in the entry of an involuntary or an unknowing plea, and that had counsel not pled guilty, or I'm sorry, the petitioner not pled guilty, he could have presented a claim of innocence or another plausible defense. Risley was an appeal from a third stage post-conviction proceeding, and Hall was an appeal from a second stage proceeding. And so neither of those cases actually addressed the precise question that's presented by this case, which is in a first stage proceeding, whether, in accordance with Risley and Hall, for the purposes of a first stage proceeding, prejudice is judged by an objective standard. And if so, what the petition or the record must show in order for the matter to proceed to the second stage. Well, then the question becomes, does he have to plead it at the first stage? Yeah, yeah. I think the answer to the first part of the question, whether or not he has to plead it, must take into account the Supreme Court's recent holding in People v. Hodges, a case that we did not discuss in our briefs but has really become the first word on this point. It came down just as the briefing was completed in this case. Hodges leaves no doubt but that the threshold for a petition survival at the first stage is very low. The court there recognized that first stage filings are nearly always made by uneducated prisoners. They are untrained. They don't have the mental or legal resources to be able to inform themselves as to what they must allege in order to fully state a claim. And therefore, Hodges says we don't expect a pro se petitioner to fully state the legal claim that he is trying to present. Rather, the concern at a first stage proceeding is simply whether the petitioner has alleged enough facts to make his claim arguably constitutional. But those facts can't be fantastic or delusional facts either, right? Right. Yeah, they cannot be. That's the two things. The legal theory can't be indisputably, unmistakably meritless. I think Hodges uses the example where he might allege that hearsay was improperly admitted when the hearsay he's talking about was indisputably admissible under a recognized exception. And the facts cannot be fantastic or delusional. Well, how are they not so in the case that is before us today? Well, as far as the competency and competency of counsel claim, he is claiming that something happened off the record during the conversations between himself and his attorney and that his attorney grossly overstated the liability that he faced. You know, the number of convictions he could have received and the number of the aggregate sentence he could have received if he got consecutive sentences for all of them. Which sentence did he receive? He actually received an aggregate of 27 years. It was 20 years for the attempted murder and seven for the armed robbery. And what is his potential minimum sentence that he would have received had he gone to trial? Well, he could have been convicted of those two crimes which were class X. Well, he could have been convicted of, yes, those two which were class X. So that would be six and six consecutive. And then he could have received a concurrent sentence for the class one of attempt armed robbery against the stabbing victim. Was there a minimum 15 that needed to be added to one of those? I don't know because I don't think so because there was no gun involved in this case. This is just a knife case. So he could have actually gotten 12 years. You know, Hodges talks about these fanciful factual allegations, but we're a little behind that or ahead of that, I mean, before that, I guess, in this case. Does he have to allege something that he wouldn't have pled guilty had he known the facts? And if he was to say, I would not have pled guilty because I then threw out some crazy factual basis, we'd be prepared to deal with the Hodges point. But if we don't get to that, if he hasn't even said I wouldn't plead guilty, I would not have pleaded guilty. You're right. That's the central problem that this case presents. I don't see Hodges setting any light on that other than sort of an assumption that there has to be that level of allegation. And then the facts that he would allege to support that statement that he wouldn't have pled guilty may or may not be fanciful. But if he never even says I wouldn't have pled guilty, we don't have, we don't get to the Hodges question because we're not, I mean, he hasn't even set it up to say what would have happened. Well, and the reason he didn't set it up is because he didn't realize that he had to. However, I think I find, I would urge his court to consider the possibility of looking at this as it's kind of the flip side of what your order has implied is that, you know, which is, you know, this was, he could have gotten a heck of a lot more time. And so nobody in your right mind would have refused this offer. I think that another inference can be drawn from that. And that is given that he did have an arguably meritorious claim that his attorney misled him and that his plea was involuntary. He chooses to make this challenge despite the fact that he risks getting a lot more time if he should have to go to trial. And this petition would absolutely make no sense if he had took those actions while considering that reconviction, should he go to trial, would be inevitable. The only reasonable inference that can be drawn from the fact that he filed his petition under these circumstances is that he has a plausible defense or a claim of innocence to make. I'm sorry, say that again. I'm saying that given that he filed this petition when he risked such a much worse consequence, should he be reconvicted, the only reasonable inference we can draw from that, and we do need to construe this with leniency under Hodges, you know, to make the assumptions that would most favor this guy who doesn't know how to write pleadings, that he must have a defense in mind, that he must believe that he has a plausible defense or a claim of innocence to make. Otherwise, this petition would be just crazy. But doesn't, under Ridley, doesn't he have to articulate that? Well, he does have to articulate it eventually. We can't make a reasonable inference based upon him saying, you know, I want to withdraw my plea because my attorney gave me wrong information. Don't we need to know, should he be able to proceed to trial, that he would be successful? What we need to know is, is it arguable that there was a constitutional error here at the first stage? And then at the second stage, with the appointment of counsel, he does there have to fully set forth his claim and also make a substantial showing that it has merit. And so your position is he does not need to articulate that in his post-conviction petition? Not under Hodges. Under Hodges, he merely needs to articulate enough facts that we can tell that it's arguable that a constitutional error occurred in his case. So your point is that stage one, it is a much, much lower standard pursuant to Hodges, and that should he have gotten to the second stage, that's when he would have to flesh it out and say, here's my actual innocence or here's my plausible defense. I wouldn't have pled guilty had my attorney not told me A, B, C, and D. That's right. But it's stage two. And you're making your hand, I think, that Ridley is a stage two case. Yeah, actually, I think Ridley is a three. But yes. All right. I'm sorry to be repetitious here, but if he had said in his, if a defendant says, I wanted to withdraw, I got the same facts you have, I have a defense, I have an alibi, and he puts right in the petition, I'm innocent, I have an alibi, my alibi is that I was on the moon, fanciful as could be, we wouldn't throw that out there? No, that I think we would throw out because there he's revealed that his claim is not arguable, that it isn't arguable that he has a constitutional right. So the defendant is better off than never even asserting what his defense is. Oh, I suppose he will. He's better off not even saying, I didn't do it. I don't know if he's particularly better off. Well, he's a little more aggravating and expensive for the system, but if he's going to make that claim and he gets to stage two, he's going to be bounced out at that point. And the chances are high that his appointed counsel will probably advise him to withdraw his petition at that point. So it wouldn't really waste many resources. So we'd be saying if you make fanciful allegations, you're out of luck, but if you make no allegations at all, you get to proceed to the next stage. Well, here what he said is he said, I wouldn't have pled guilty. And now all I'm saying is that given that if he goes to trial, he faces a lot more time. Isn't it kind of obvious that he's thinking? And if I hadn't pled guilty, I wouldn't have ended up convicted that there must be a defense that he thinks is plausible. And it is true that when he gets to the second stage, it may turn out that what he thinks is a plausible defense is not. So he needs to show no prejudice at the first stage. Well, he needs to show that there is some that there is a need to watch enough facts to show that a constitutional error arguably occurred. And if he doesn't allege prejudice, however, he's in a position like this guy is where he could have gotten a lot more time if he lost after a trial. I think that's enough for him to go to the second stage. It usually says, isn't that subjective and self-serving? I mean, doesn't he need to show more, even at the first stage, even to get to the second stage? But Hodges says that we can't expect him to know that he needs to do that. The problem here is that he didn't know he needed to do it. I guess he said if he did know, he probably would have gone on and said whatever this defense is. But this is a guy who hasn't had a direct appeal, whose attorney, if you believe him, is an ineffective attorney. And he does not have a criminal history. I think this is his very first time in the Department of Corrections. I think it's his first criminal offense. And so here he is sitting down with paper and pen and trying to put together something. And he says I wouldn't have pled guilty. And he doesn't go into the detail as to and that I would have defended in a particular way because he doesn't know he needs to do it. So you're suggesting that we look to Hodges first and say here's the standard, here's the threshold. As long as he meets that, that's enough to get him to stage two, and then stage two is where he needs to flesh it out. Yes. So your client would be better off, using Justice O'Malley's argument or his example, I would not have pled guilty and my defense is alibi, period, don't mention the moon until we get to stage two. I would say in a case where the moon is your alibi, I would say most definitely the longer you put it off, the farther you're going. Let's assume for the sake of argument we have a better alibi. Is he required to put that in stage one? Or does Hodges say to say I have an alibi is sufficient? Well, I would say that it would depend on, again, the circumstances of the totality, everything that's before the court, the stuff that's in the record, the stuff that's in the petition, whatever supporting documents, that if there is enough there to enough arguable facts or facts, I should say, to give rise to an arguable inference that there's a constitutional error, then having what the defense is would certainly strengthen that. But here we're certainly looking at a marginal petition. I can't deny that. But I believe that under these circumstances, the soundness of the first part of the error, that counsel misled me, plus the circumstance of I'm really taking a huge risk here by trying to withdraw my plea, leads us to only one conclusion, that he believes he could defend at a trial. What remedy are you asking for? Under this argument, we are asking to have the order summarily demanding, I'm sorry, the order denying the... Dismissal? I can do this. Okay, the order summarily dismissing the petition to be reversed and the cause demanded for stage two proceedings. Under our first one, alternatively, I mean, to the extent that we go through this and we have problems with the sufficiency of the petition, then that brings us around to my first argument, which is this guy actually filed this without having fully alleged his claims. He admits that. He did try to withdraw it. And because the wheels of justice turned very swiftly for him, it's very ironic, but it may have ended up in depriving him of his only chance to challenge his plea because he was unable to get his... Right, I get that. Yeah, so for that one, for the relief for that... So you are asking for alternative relief. Yeah, and that relief we would ask to have the petition withdrawn, basically, and have him be allowed to refile it within a year. All right, well, thank you, Ms. Hamill. Let's hear what Ms. Joseph has to say for the people. Good morning, Your Honors. Counsel, may it please the Court. The people, probably unsurprisingly, are going to take the opposite view, that in the first stage petition, you do need to... A defendant would have to allege as part of his gist of a constitutional claim in effective assistance of counsel after a guilty plea that as part of the prejudice, if he is making a bare allegation that is a self-serving statement, had counsel not been deficient, I would have pled guilty. If that's his bare allegation, he needs to allege either a plausible defense or that he is actually innocent. But she's saying that he does not need to allege that at the first stage because, based upon Hodges, he's a pro se litigant, and therefore he doesn't need to go to that extent. What's your response to that? Even as a pro se litigant, a gist is not a bare allegation. But doesn't Hodges somewhat do away with the gist? Honestly, I have not read Hodges. I was not aware we were going to be discussing it. I don't believe it was in the original brief, so I am not prepared to discuss the specifics of that case. However, I believe it has been this court that determined a gist is more than a bare allegation in Youngblood, and that was cited in my brief on page 14. And here he has made a bare allegation. Had I known that I could not have been convicted on all of my charges, that I would not have accepted the plea agreement. Nowhere in his petition does he claim to be innocent. Nowhere in his petition does he say he would have had a defense had he gone to trial. In fact, the evidence was overwhelming against him. He had both victims ready to testify. He had a videotaped confession. He had the victim's DNA on his shirt. And nowhere in his petition is the defendant even asking to withdraw his guilty plea. He simply wants his convictions reversed, which makes it sound like I just want this all to go away. And the people submit that even his bare allegation is too bare because to even make a gist of the prejudice prong, it would be if counsel had told me I could have been sentenced to 75 years versus 120 years, I would have rejected the 27-year offer. The defendant already knew. His counsel told him, if you go to trial, your sentence will be considerably higher. His claim appears to be, you did not tell me, you did not add up the total for me of what my maximum sentence could be. And nowhere in here has he explained why, even knowing what the aggregate could be, he still would have rejected this plea. So the people submit this hasn't even made a gist of the prejudice prong, much less he hasn't included anything, as I said, alleging he's innocent or that he even had a possible defense. And the people disagree with defense counsel that you can just reasonably infer that from his petition because there are plenty of defendants who are not going to have a plausible defense or are innocent, and there are petitions, even at first stage, that include such information. And I think that even looking at Risley and Hall, which are second and third stage petitions, you have one where you have a defendant, and that would be Hall, which is the second stage. Is it entirely clear whether Risley applies to a first stage petition? The people would submit it would apply because of the language it uses in talking about what a bare self-serving allegation is. And even at the first stage, you need more than a bare self-serving allegation. Therefore, the people would submit that Risley and Hall could equally apply to a first stage proceeding. If that's what they're looking at as needing. In Hall, you had a bare allegation, and they said the defendant had a bare allegation. He would not have pled guilty if his attorney had been deficient. And because he both asserted a plausible defense and actual innocence, he was able to move on to stage three. However, in Risley, there was just the bare allegation with nothing, and that was not sufficient. And even in, I think both of us cited Curry in our briefs, and even though that is a direct appeal versus a post-conviction petition, it does talk about what needs to satisfy Strickland. And it says the defendant had stipulated testimony that he wouldn't have accepted the plea offer had he been told, or I'm sorry, he would have accepted the plea offer if he had been told about consecutive sentencing. And the court goes on to say that is a bare allegation, that is a self-serving statement, that was insufficient to satisfy the prejudice prong of Strickland. It needs to be covered with a plausible defense. However, because there was additional evidence in the record corroborating his allegation, and he had independent corroborating evidence in his petition, or in his claim, that they could go on and consider it. So there needs to be more than a bare allegation, whether that be some sort of corroboration. Well, isn't that in the record? You know, we can look at the charges. We can determine that they were not all consecutive, that he could not have been convicted on all of them. Isn't that enough? That information would be in the record. However, the people are not conceding that there was deficient performance in this case, where the defendant alleged counsel told me I could be prosecuted on all charges. His claim is defense counsel told me I could be prosecuted. He's three times in his petition. On page six of his petition, the prosecution would then proceed to recharge the defendant on all original charges and prosecute the defendant on original charges. On page 13 of his petition, in conjunction with counsel's false statements of being prosecuted on all the charges, put pressure on the defendant to accept. It did say that he felt his attorney heavily implied the convictions and sentences. Defense's reply brief seems to reprimand the state for saying we're taking it too exacting. However, if you look throughout the petition, the defendant uses the word prosecute. He uses the word charge. He uses the word convicted, and he uses the word sentence, and he uses them appropriately throughout his petition. So he does not use them interchangeably. The advice the attorney gave was you could be prosecuted on all seven charges, and that is exactly what would happen if he were allowed to withdraw this plea. He will be reprosecuted. He will be recharged, prosecuted on all seven. And with the overwhelming evidence, he will likely the likelihood of his successive trial is very low because likely he will be found guilty of all seven. Of course, at sentencing, you'll have the one act, one crime applying, as well as the consecutive sentencing for which he was aware. And several times... Was he told about consecutive sentencing on each charge that was alleged? He was told. He believed. He was told about consecutive sentencing. There were several times throughout the record that he was told about consecutive sentencing. He admitted he was told. He said he understood everything. He discussed it with his attorney. His attorney explained it to him. Those were all at the plea hearings. And it seemed like he took that information and when he heard you could be prosecuted on all the charges, he made the leap to believe if I can be prosecuted and I know I'm going to be consecutively sentenced, I'm going to be consecutively sentenced on everything. And that seems to be his confusion of what would happen. So then wouldn't it behoove everyone to proceed to the stage two to see what his belief is? Because I guess you're making the assumption that he made that assumption. Well, I'm going based on what he said. He said he felt he was being pressured after his counsel told him he could be prosecuted on all of them. And as his plea, he puts in parentheses and thus convicted and sentenced. So I think he did merge them together in his thought process. And I think that's apparent from his petition. But he still has not made a sufficient gist of a showing, regardless of whether we all would like more information about what happened from him. He still has not given more than a bare allegation. I would have rejected this plea. He also had a previous plea offer that he talks about in his petition. That was 34 years. So he knew coming in, getting 27 years, he was getting even less. Than the initial plea offer. So there's just nothing in this petition, even liberally construing the petition, that he didn't understand he would receive a much higher sentence. From his attorney's statement, you go to trial on this, you're going to get a higher sentence. He doesn't say the attorney told him I'd get 120 years. He doesn't say what the attorney told him other than a higher sentence. The people can't make a statement whether or not the attorney told him what the appropriate maximum was. The people could also find no cases that require a defense counsel to give an aggregate total. It's reasonably informed of the minimum and maximum sentences for the charged offenses. The people submit that as arguably that analogous to a trial judge telling a defendant, here's count 1, you could be sentenced from 6 to 30. Here's count 2, you can be sentenced from 6 to 30. Here's count 3, you can be sentenced from 3 to 6. And such that having been told that information, plus he admitted he was told about consecutive sentencing, that was sufficient to relate the possible ranges for each offense. He does not state that he was unaware of the possible ranges. And as I said, he does not contend his attorney misinformed him as to what the actual maximum could be. Like, didn't throw out this 120 number at the defendant. So he has made only a bare self-serving allegation that had I known, had defense counsel not been deficient, I would not have pled guilty. But there's just no facts. Many of his other claims are belied by the record, as I said. He complains that he didn't have time to speak to his family, yet on the record he says, yes, I had time to do that. What's your position with respect to his motion to withdraw his post-conviction petition? As to that part, the people submit, the trial judge dismissed the petition within the framework. Within the 90 days, the defendant, the post-conviction hearing act sets out what happens when you file a post-conviction petition. It gives you a range of when you can file the petition. And it says once you file it, a trial judge has 90 days and may summarily dismiss if it's insufficient. If they don't do that within the 90 days, it moves on. So the defendant was aware once he mailed that petition in, the judge could have looked at it the day she received it. Any time within that 90 days, the defendant was aware that his petition could be summarily dismissed. Yes, the cause and prejudice test is a high standard. However, the post-conviction hearing act is not precluding a meritorious claim from this defendant. If the defendant has a meritorious claim, he can bring a successive post-conviction petition. I'm not saying it may or may not be an uphill battle. I don't know what his claim is. But he is not precluded due to the dismissal of this petition from raising a meritorious claim in the future. So the people's position would be the trial judge properly dismissed his petition within the framework of time. The post-conviction hearing act sets out what happens to a petition when it's filed, that the defendant filed this within three months of his conviction. Perhaps he had three years. Perhaps he was too hasty. But once he turned that in, he knew that the trial judge would then have 90 days to rule on it. Thank you. Is there anything else? I don't think so. Thank you. Thank you. Ms. Joseph. Ms. Hamilton, would you mind, please? Regarding the use of the word prosecuting and convicted in the defendant's petition, he does end up at the very end. His final paragraph is that had he, speaking to himself in third person, had he known his lawyer deceived him into believing that he could be convicted of all his charges and thus serve time for each charge. So clearly his contention is that. He does understand that much. But the sloppy use of language, it shows he's not very good at both. He did not, though, in the petition say the lawyer told me I'd get 120 or 100 or anything like that? No, he said that everything, that he could have been sentenced for everything and that they could have been consecutive. That's so, you know, he didn't. He didn't. And it is true that he could have been sentenced to 75 years. Well, a mandatory consecutive would be for the two class X's. And then the third one, the attempt probably would have been a discretionary because. No, but I'm talking about. So that would make 75, yeah. The maximum would be 75. Yes. He's got to tell, he's got to convince us that if he was told it will be 75, I'm not going to plead guilty. Yeah, and the only reason that that would be would be because he would have a plausible defense. Because otherwise, you know, somewhere between 27 and 75 is still more than 27. Well, but he didn't know about the 27 at the time. He thought he was going to get a big sentence. He was misled into thinking he'd get a big sentence. And his idea of 75 years is not a big sentence? That's what we have to take for granted? Well, apparently he could live with 27. There is a big difference between 27 and 75. And that's going to have an impact on his life. What did he get? He actually got 20. Well, he actually got 27. And I figured it out. I believe he will actually have to serve about 20. So it would be in his 40s. If he can live with 27, what's he doing here? Well, he apparently believes that he should not be convicted. That's all I can say. That, I think, is the inference that can be drawn from the fact that he filed this. I did want to mention, too, that this low threshold that Hodges is now saying is the law is not necessarily going to flood us with a lot of silly petitions. And we do still have that statute that causes people to lose good time. Six months, I believe it is, if they file a frivolous petition. But if this advances to Stage 2... Then we have counsel look at it and... No, no, about the six-month potential penalty issue. If it's frivolous, he gets tagged for six months. But if it gets to Stage 2, it's not frivolous, right? Well, I guess that's true. You're right. I'm sorry. I just was sitting there thinking, trying to come up with... But my point still is simply that what we are trying to prevent here is... We shouldn't be trying to prevent people with meritorious claims from calling out from prison to their best pro se ability for help. Our Supreme Court is basically saying that if there is no arguable basis in law or fact, then the petition should not proceed. But if there is an arguable basis in law or fact, if there is enough facts there, then it should go to Stage 2 so that people who know what they're doing can take a look at it and decide whether or not there is anything that can be done. And again, I just want to emphasize, this is a client who did not have direct appeal. So this really is his only shot. So even specific to this case, it would seem that leniency would be the just thing. So that's all I have. All right. Well, thank you both for your arguments. The matter will be taken under advisement. The decision will issue in due course. We're going to take...